UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Victor B. White, | ) | C/A No. 3:05-507-10BC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | For Summary Dismissal |
| Richland County, SC; | ) | |
| Hartford County, CT; | ) | |
| DeKalb County, GA; | ) | |
| Franklin County, OH; and | ) | |
| Hamilton County, OH, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Victor B. White (Plaintiff), proceeding *pro se*, files this civil rights action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as presenting state law claims, such as malicious prosecution and defamation of character. Plaintiff names several counties in various states as Defendants, claiming a national conspiracy to deprive him of his civil rights. The complaint presents seven claims for relief, and requests monetary, as well as injunctive relief. Plaintiff also claims he is entitled to recover reasonable costs, disbursements and attorney fees under 42 U.S.C. § 1988.

Plaintiff presents his claims for relief as follows [verbatim]:

Count (I) (42 USC Sec. 1985: Conspiracy to deprive Plaintiff of and 42 USC Sec. 1983: Deprivation of the right to engage in His lawful Trade Practice of Employment(s)/ "Privileges and Immunities.../Declaration of Independence" as well as "Equal Protection of Law")
Complaint at 23.

Count (II) (42 USC Sec. 1985: Conspiracy to Deprive Plaintiff... of and 42 USC Sec.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

>1983: Deprivation of Plaintiff's rights to full enjoyment in places of Public Accommodations...)

Complaint at 24.

>County (III) (42 USC Sec. 1986: Failure to prevent or aid in preventing conspiracy and acts of deprivation of Plaintiff's civil rights)

Complaint at 25.

>Count (IV) (Wrongful Criminal Proceeding, Malicious Prosecution)
>Count (V) (Wrongful Civil Proceeding, Malicious Prosecution)
>Count (VI) (Defamation of Character/Stigmatization Misuse of SS#: per se and/or Invasion of Privacy pursuant to Title 5 Sec. 552a. et seq and / or Amendment Nine of the U.S. Constitution.)

Complaint at 26.

>(42 USC Section 1988: Claim for reasonable costs, disbursements and attorney fees in bringing action under 42 USC sections 1983, 1985, and 1986)

Complaint at 27.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

Plaintiff files his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may

be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, *supra.* In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## **Background**

Plaintiff contends his civil rights have been violated in a conspiracy involving several counties in which he has lived during his lifetime. Plaintiff's twenty-eight page complaint is organized by county, beginning with allegations against Richland County, SC, where he currently lives, and then in chronological order from the county of his last residence to the county in which he was born and raised. Plaintiff claims the counties are liable for a multitude of alleged actions by

private citizens and law enforcement officers. An example of Plaintiff's allegations follows [verbatim]:

> Defendants...on a National basis [In which all governing Counties...are held liable for causes and inflicted damages upon Plaintiff]. In furtherance of conspiracy to deprive and actually deprive [ation/ing] Plaintiff of His various Civil and Constitutional rights in both the practice of His Christianity as well as freedom from Hostile - Work-Environments, Discriminative/Hostility in places of Public Accommodations as well as Hostile Societal-Environment/Streets, Roadways and Freeways, infringing upon His right and ability to "move freely within the State(s)."

Complaint at 5. The complaint claims "government's long time infringements upon His First and/or Ninth Amendment right of the U.S. Constitution," citing biblical references, and apparently claiming violation of his right to practice his religion. Plaintiff claims he has been "subjected to a pattern of hostile and abusive/threatening - Work Environments... Plaintiff as well has been retaliated against for complaining of such, Wrongfully Discharged,[2] Dejected and actually banded from all three pass Employers, unnecessarily." Complaint at 7. These allegations are part of Plaintiff's claim that his former employers "have acted in Aiding and Abetting/Accessory with Defendants to deprive Him of his right to free choice of work as well as the right to engage in his lawful Profession or Trade." Complaint at 7. Plaintiff further claims Defendants "subjected/conspired to deprive Plaintiff of his right to fully enjoy places of Public Accommodations," apparently based on unfriendly workers at different hotels, and a police car in the area. Complaint at 11-12. Plaintiff also claims Defendants "subjected/conspired to deprive Plaintiff in His right to move freely within the states," contending that Defendants are keeping track of his whereabouts. Plaintiff bases this claim on "strange Street

---

[2] This court does not construe Plaintiff's complaint as an action under Title VII for employment discrimination. Before bringing an action under Title VII, Plaintiff must exhaust administrative remedies. Davis v. North Carolina Dep't of Corrections, 48 F.3d 124 (4th Cir. 1995).

4

and Roadways incidents." Complaint at 12-14. The roadway incidents include a vehicle pulling in front of his car and driving slowly; unusually slow moving traffic; a police officer making a traffic stop of another vehicle; and law enforcement vehicles "lurking" around him. The complaint at page 15 states [verbatim]:

> Special Notation: In Paragraphs forthcoming Defendants used the same kinds of tactics in furtherance of conspiracy to deprive Plaintiff of His right to - "Equal Protection of Law," infringed upon and Abridged freedom to move freely within the State, full enjoyment of places of Public Accommodations as well as and overall infringements to deprive Plaintiff in His "Pursuant(s) of Happiness..." as noted in the foregoing [Paragraphs 1, 2-24] are the same traits of conspired acts in other Counties, States and /or Cities to follow.

Plaintiff then proceeds to make similar allegations against Hartford County, CT; Dekalb County, Ga; Franklin County, OH; and Hampton County, OH. Plaintiff's request for relief seeks seven million dollars in punitive damages, $35,000 in compensatory damages, and $7 in nominal damages. Plaintiff also seeks "Immediate Intervention and Injunction Relief ordering and/or an Amended 'Safety Street Act' clause against Defendants that would safeguard Society... in which Plaintiff is a member; to include an automatic expunging Three to Five years after the fact." Finally, requesting "Immediate withdrawals of Federal Funding from all repeat Law Enforcement Agencies offenders, as well as a swift, stiff penalty holding individual officials accountable." Complaint at 28.

## Discussion

Plaintiff avers this court has jurisdiction of his complaint pursuant to 28 U.S.C. § 1332, diversity of parties. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365,

372-74 (1978). Plaintiff is a citizen of the State of South Carolina and names a county in the State of South Carolina as a defendant, thus complete diversity is absent in this case. This court does not have jurisdiction under 28 U.S.C. § 1332; however, Plaintiff's complaint raises issues of "federal question," which provides subject matter jurisdiction to this court under 28 U.S.C. § 1331.

## Defendants

Plaintiff names various law enforcement agencies in the complaint: Richland County Sheriff's Department; Columbia Police Department; Wethersfield Police Department; Hartford City Police Department; Dekalb County Sheriff's Department; Atlanta Police Department; Gwinnett County Police; Columbus Police Department; Westerville Police Department; and Cincinnati Police Department. It does not appear that Plaintiff is suing the various law enforcement agencies, but is attempting to show that conduct by the law enforcement agencies makes the counties listed as Defendants liable for civil rights violations. Even if Plaintiff intended to include these law enforcement agencies as defendants in this action, the complaint fails to state a claim of conspiracy to violate Plaintiff's civil rights by these law enforcement agencies, as discussed herein. Plaintiff shows no concerted effort of the law enforcement agencies acting together to deprive him of a federal right. Similarly, Plaintiff names various former employers in the complaint, which he refers to as "aiding and abetting/accessory with Defendants." Complaint at 7. This Court does not construe the complaint to name these businesses as defendants. Even if Plaintiff intended to include these former employers as defendants, he has failed to state a claim of conspiracy against them, as discussed herein. Plaintiff has failed to state a claim for violation of his constitutional rights by the Defendant Counties, or any of the law enforcement agencies, and former employers individually named in the complaint.

## 42 U.S.C. § 1983 Claim

6

To state a cause of action pursuant to 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Avery v. County of Burke, 660 F.2d 111 (4th Cir. 1981). Plaintiff seeks to hold counties in several states liable for violation of his civil rights as alleged in the complaint. Local governments, such as counties, are liable under § 1983 only if the deprivation of federal rights was caused by a "policy or custom" that "represent official policy" of the local government. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Plaintiff names as Defendants herein, five counties. A careful review of the complaint reveals no allegations against these Defendants, thus the complaint should be dismissed. *See* Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also* Weller v. Dep't of Social Servs., 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation"). Clearly Plaintiff fails to allege any policies or customs of the Defendants that could state a claim against the counties under § 1983.

To the extent Plaintiff relies on the doctrine of respondeat superior to sue the Defendant counties, this doctrine is generally not applicable to § 1983 actions. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. Board of County Commissioners v. Brown, 520 U.S.

7

397 (1997); *see, e.g.,* McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."). As Plaintiff has alleged no actionable conduct of the Defendant counties, nor identified any actionable policy or custom, Plaintiff has failed to state a claim against the Defendants under § 1983.

In order to establish a civil conspiracy claim under §1983, a plaintiff must show that the defendants acted in concert in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right. *See* Hinkle v. City of Clarksburg, W.VA., 81 F.3d 416, 421 (4th Cir 1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). Plaintiff has alleged no facts that establish the Defendant counties acted together which resulted in deprivation of Plaintiff's constitutional rights. If Plaintiff is asserting a civil conspiracy under § 1983, the claim should be dismissed for failure to state a cause of action.

**42 U.S.C. § 1985 Claim**

Plaintiff accuses Defendants of being involved in a conspiracy to deprive him of his civil rights, in violation of 42 U.S.C. § 1985(3). The requirements for establishing a cause of action under § 1985(3) are set forth in a line of Supreme Court cases beginning with Griffin v. Breckenridge, 403 U.S. 88 (1971). In Griffin the Court clarified that the reach of § 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based invidiously discriminatory animus." Id. at 102. To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Moreover, the law is well settled that to prove a section 1985 "conspiracy," a claimant must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights.

Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (citations omitted). This burden has been

8

characterized as "weighty," *see* Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996).

As discussed above, Plaintiff has not alleged facts that could establish a conspiracy among the Defendants. No factual allegations show an agreement among the Defendants. Further, Plaintiff has not alleged that the Defendants were motivated by a class-based discriminatory animus. Id.; *see also* United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983)(case does not present the kind of animus that § 1985(3) requires). Plaintiff states he is African-American, but does not allege that Defendants took action based on his race. In fact, Plaintiff does not assert discrimination in the factual allegations in the complaint. Plaintiff has failed to indicate the presence of "a specific class-based, invidiously discriminatory animus" on behalf of the Defendants, or a "meeting of the minds" by Defendants to violate Plaintiff's constitutional rights. Accordingly, his claims under 42 U.S.C. § 1985 should be dismissed.

**42 U.S.C. § 1986 Claim**

Plaintiff claims Defendants failed to take action to prevent the deprivation of his rights through a conspiracy, in violation of 42 U.S.C. § 1986. A claim under § 1986 is dependent on the existence of a § 1985 claim. *See* Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Section 1986 creates a right to recover damages "in an action on the case" brought within one year after the cause of action has accrued against every person who has knowledge of, and power to prevent, a § 1985 conspiracy, but neglects or refuses to act. Because Plaintiff's claims under § 1985 fail, his claims under §1986 must also fail. *See* Hinkle v. City of Clarksburg, 81 F.3d 416, 423 n.4 (4th Cir. 1996). Plaintiff's claims under 42 U.S.C. § 1986 should be dismissed.

**42 U.S.C. § 1988 Claim**

Plaintiff claims he is entitled to costs and attorney's fees under 42 U.S.C. § 1988. In order to recover under § 1988, a party must prevail in his civil rights action. Section 1988 allows "the

9

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" of bringing a successful civil rights action. Plaintiff's civil rights claims should be dismissed, so he is not a prevailing party entitled to compensation under § 1988. Plaintiff's § 1988 claim should be dismissed.

**Motion/ Amended Complaint**

Plaintiff filed a separate document titled a "Motion for Court's Jurisdiction Pursuant to Title 42 USC Section 2000a-6.(a) and Federal Regulatory Flexibility Act." The self-titled motion appears to add a claim for violation of civil rights under Title II of the Civil Rights Act of 1964. This Court construes the "motion" to be an amended complaint, alleging a claim under 42 U.S.C. §§ 2000a - 2000a6, which prohibits discrimination in places of public accommodation supported by state action. Plaintiff has not alleged facts that would establish such a claim. The complaint claims deprivation of Plaintiff's rights to full enjoyment in places of public accommodations, but the facts alleged do not claim discrimination. Plaintiff's factual allegations indicate interference with his "full enjoyment" of places of public accommodations. For example, the complaint states "on several of Central Ohio Transit Authority (COTA) Coaches and even at several of their Bus Stops, Plaintiff was stalked and conspired against by so many weird, mean and Hateful/Witchy-Poo, and unruly Teens and smelly/Mentally-Ill looking people."Complaint at 20. Plaintiff does not allege facts that implicate state action, or that indicate any racial motivation for unfavorable treatment received by Plaintiff. Plaintiff fails to state a claim on which relief may be granted under 42 U.S.C. §§ 2000a - 2000a6, so his claim should be dismissed.

**State Law Claims**

Plaintiff asserts various claims based on state law, rather than federal law, such as defamation, negligence, and malicious prosecution. Plaintiff's asserts that his state law claims can

be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims. <u>Wisconsin Dep't of Corrections v. Schacht</u>, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(c) allows federal courts to decline "supplemental jurisdiction" if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). *See also* <u>Lovern v. Edwards</u>, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966); *see also* <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                   Respectfully submitted,

                   s/Joseph R. McCrorey
                   United States Magistrate Judge

March 11, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
